## FOSTER & al. *versus* CUSHING & al.

The R. S. c. 67, § 9, provides that any person, whose logs, in the stream, are so intermixed with those of another, that they cannot be conveniently separated for the purpose of being floated down, may drive them all, and recover from such other owner a reasonable compensation for the driving of his part.

Any owner, who is compelled by such intermixture, to drive the logs of other persons as well as his own, is bound, in selecting the time for driving and in all other particulars, in which the rights of such others are involved, to exercise good faith, sound discretion and prudent management.

After having thus proceeded, there arises to him a claim to recover of the others a reasonable compensation, and it is no defence to such claim, that they had formed the purpose and made ample provision to drive their own logs.

ON EXCEPTIONS from the *District Court*, HATHAWAY, J. presiding.

CASE, under R. S. c. 67, § 9, to recover for driving the defendants' logs, which had become so intermixed with those of the plaintiffs' that they could not be conveniently separated, for the purpose of being driven down the river.

The plaintiffs introduced evidence tending to show that the logs were intermixed, and that they, in order to drive their

own, were compelled to drive those of the defendants, and that they made a clean drive.

In defence it was offered to be shown *that* one Jellison was driving logs down the river; *that* his drive was not more than two or three days behind those of the plaintiffs; *that* the defendants *employed* him to drive *their* logs; *that* many of their logs were left by the plaintiffs, which Jellison drove, and *that* the defendants had paid him, in part, for doing it.

The defendants requested instruction to the jury that, "if the defendants had made ample provision for the driving of their logs, the plaintiffs could not recover." This request was refused, and the jury were instructed "*that* a contract made by the defendants with a third person to drive their logs would not necessarily vary the rights of the plaintiffs;" "*that*, to enable the plaintiffs to recover, it was necessary that they should bring their claim within the provision of the statute;" "*that* the plaintiffs must prove that the defendants' logs were so intermixed with theirs, that they could not be conveniently separated for the purpose of being floated to the market or place of manufacture, and *that* they were under the necessity of driving the defendants' logs in order to drive their own, and *that* they did drive them in good faith towards such market or place."

The verdict was against the defendants, and they took exceptions.

*A. W. Paine*, for the defendants.

*Rowe & Bartlett*, for the plaintiffs.

APPLETON, J. — This suit is brought to recover compensation for driving logs under the provisions of R. S. c. 67, § 9.

The defendants proved, or offered to prove, that they engaged one Jellison to drive the logs in controversy; that Jellison proceeded to drive the same, his drive being a short distance, two or three days, behind that of the plaintiffs; that many of the defendants' logs were left by the plaintiffs; that Jellison drove such logs reasonably clean and that they had paid Jellison in part for so driving.

The counsel for the defendants requested the Court to instruct the jury that if the defendants had made ample provision for the driving of these logs, the plaintiffs would not be entitled to recover.

If by ample provision is to be understood any thing more than or differing from the facts proved or offered to be proved, the request would fall within that class of cases, where instructions not applicable to the facts proved are requested. The Court are not bound to enunciate abstract principles uncalled for by the evidence or to give instructions upon any hypothetical state of facts which counsel may suggest.

If the request is to be considered in reference to the evidence and is to be limited to the contract with Jellison and the facts set forth in the bill of exceptions, then the instructions were properly withheld. The owner of each portion of logs must necessarily determine for himself the time when his logs shall be driven, and is not bound to defer his judgment to that of any other person as to when may be a suitable time to commence driving. The statute imposes no restriction in this respect.

Neither does any thing in its language indicate that its provisions are to be applied only to such logs as may be derelict. Logs may be so intermixed "that the same cannot be conveniently separated for the purpose of being floated to market or place of manufacture" and not be derelict. Difficulty of separation would seem to confer upon the person driving the right to a compensation, to which without this provision he would not be entitled. The counsel for the defendants, in his very able argument, has suggested many difficulties, which may arise in the practical operation of this statute, but however well founded they may be in the abstract, they hardly seem to apply to the facts of this case. In this, as in all other transactions, good faith, sound discretion, and prudent management, so far as the rights of others are involved, are required on the part of the individual by whom the logs are driven. The plaintiff having a right to commence his labors on his own logs at such time as in the exercise of a sound

discretion he may deem expedient, it is not easy to perceive why his rights under the statute, to drive all logs so intermixed with his own " that the same cannot be conveniently separated," do not forthwith accrue when the logs specified in the statute shall have been driven. If a question arises whether the person driving commenced at a proper time or exercised good faith towards the owner of the logs, they are for the determination of the jury. The fact that the owner of the logs driven had entered into a contract for their driving and that the individual contracting had made preparations to perform his contract, cannot affect or change the rights of one to whom such facts are unknown, and who is proceeding in good faith and with prudence and discretion in the management of his own property. It does not appear, that the plaintiffs were aware who were the owners of the logs or that they had commenced or were about commencing to drive their own logs. Nor does the evidence show any want of good judgment or good faith on the part of the plaintiffs in commencing or proceeding. The right to recover depends on establishing proof of all the facts set forth in the statute as necessary to support an action. The same facts which would authorize a recovery against an owner might equally exist though a contract had been made. The mere existence of an outstanding contract cannot defeat the plaintiffs' right to recover if the facts necessary to the maintenance of the action are established. They may exist notwithstanding the utmost promptness on the part of an owner in making, and the greatest vigilance in endeavoring to enforce his contracts. The material inquiry is, does a party bring his case within the requirements of the statute. Ample provision should not affect a party ignorant that it had been made, and who, in commencing at a fit and seasonable time and proceeding in a prudent and judicious manner, had in driving his own logs at the same time driven those of others, which were so intermixed that they could not be conveniently separated. Such must be the construction of the statute, else every party seeking to recover compensation may be defeated by

a proof of facts, which do not diminish the meritoriousness of his services.

The instruction in reference to this request was, " that a contract made by the defendants with a third person to drive their logs would not necessarily vary the rights of the plaintiffs, for it might not have been performed, or performed in part only, or the plaintiffs might have been ignorant of it." In this there is nothing erroneous.

The jury must be presumed to have rendered their verdict under the instruction, "that to enable the plaintiffs to recover, it was necessary for them to bring their claim within the provision of the statute ; that they must satisfy them that the defendants' logs were so intermixed with theirs that they could not be conveniently separated for the purpose of being floated to the place of market or manufacture, and that they were under the necessity of driving defendants' logs to drive their own, and that they drove them in good faith to such market or place." These instructions are almost verbally coïncident with the language of the statute, and if these facts were proved to the satisfaction of the jury, no reason is perceived for setting aside the verdict. The defendants did not interpose the bar of any special provision, by which they were entitled to an exemption from the operation of the statute.

*Exceptions overruled. Judgment on the verdict.*

SHEPLEY, C. J., and WELLS and RICE, J. J., concurred.