THE WISCONSIN RIVER LOG. DRIVING ASSOCIATION, Respondent, vs. D. F. COMSTOCK LUMBER COMPANY, Appellant.

*October 9 — November 8, 1888.*

*Logs and timber: Intermixture: Compensation for driving: "Owner."*

Sec. 3337, R. S., as amended by ch. 141, Laws of 1881, provides that whenever two or more persons own logs or timber on any river, which are so intermixed that they cannot be conveniently separated for driving, and either owner shall refuse or neglect to make the necessary provision or to furnish the necessary labor and materials for driving them, any other owner may drive all such logs or timber, and shall receive reasonable compensation from the owner so refusing for driving the logs belonging to the latter. *Held:*

(1) The act is a valid one, and does not abridge or impair the right of any one to use such rivers as common highways for driving logs.

(2) One having possession of logs under a special title or interest as a bailee, is an "owner" within the meaning of the act, and may drive the logs and receive compensation as therein provided.

(3) The act applies where the logs become intermixed after, as well as before, the commencement of the drive.

APPEAL from the Circuit Court for *Lincoln* County.

Action to recover compensation for driving the defendant's logs on the Wisconsin river. The facts will sufficiently appear from the opinion. The defendant appeals from a judgment in favor of the plaintiff.

*E. L. Bump* and *H. C. Hetzel*, for the appellant, contended, *inter alia*, that sec. 3337, R. S., does not apply to corporations acting under sec. 1777, but only to two or more persons who *own* logs on any river which *are* so intermixed that they cannot be separated for driving. A corporation derives all its powers from the incorporating act, and can exercise its faculties only in the manner therein authorized. *Janesville Bridge Co. v. Stoughton,* 1 Pin. 672; *Luthe v. Farmers' M. F. Ins. Co.* 55 Wis. 546; *Madison, W. & M.*

*P. R. Co. v. W. & P. P. R. Co.* 7 id. 59. The provisions of sec. 1777 govern the plaintiff, exclusive of other statutes. *Mead v. Bagnall,* 15 Wis. 156; *Hancock v. Merriman,* 46 id. 159; R. S. sec. 4972, subd. 14. Being in derogation of the common law, sec. 3337 must be strictly construed against the plaintiff and in favor of the public right of navigation and driving logs. 7 Wait's Act. & Def. 568–9; *Orton v. Noonan,* 29 Wis. 541; Boone on Corp. sec. 36; *Minturn v. Larue,* 23 How. 436. A statute expressly giving a new power to one person or class of persons impliedly excludes all others from the exercise thereof. *Conroe v. Bull,* 7 Wis. 408; *State ex rel. Crawford v. Hastings,* 10 id. 525. The language of sec. 3337 clearly implies that to be within the statute the logs must be intermixed before the driving commences. Any other construction would render it invalid. All persons have the right to use the Wisconsin river to drive their own logs, and the legislature cannot abrogate or impair this right by excluding them from running their own logs because some other owner gets upon the river first and takes possession of them. The statute does not provide that the stream shall be obstructed as one of the conditions of the right of one owner to take possession of another person's logs. Const. art. IX, sec. 1; *Ames v. Port Huron L. D. & B. Co.* 11 Mich. 140; *Watts v. Tittabawassee Boom Co.* 52 id. 203, 206; *Butterfield v. Gilchrist,* 53 id. 22; *Curdwell v. American Bridge Co.* 113 U. S. 205. Sec. 3337, R. S., does not apply to this case because the plaintiff is not a person *owning* logs on the river. As to definition of the word "owner," see *Ruggles v. Nantucket,* 11 Cush. 433; *Benson v. M. & B. Mfg. Co.* 9 Met. 562.

For the respondent there was a brief by *Curtis & Curtis,* and oral argument by *George Curtis, Jr.* As to the meaning of the word "owner," they cited *Bronk v. Becker,* 17 Wend. 320, 322; *Choteau v. Thompson,* 2 Ohio St. 114; *North Penn. R. Co. v. Davis,* 26 Pa. St. 238; *Wilder v.*

*Haughey*, 21 Minn. 101, 106; *Hartman v. Munch*, id. 107; *Blue v. Blue*, 38 Ill. 9; *Sheridan v. Bean*, 8 Met. 284; *Hartford v. Brady*, 114 Mass. 466.

COLE, C. J.   There is some language in the complaint which would imply that the plaintiff was organized under sec. 1777, R. S., but no right of recovery is based upon that section. The plaintiff was organized under the general statutes for the purpose of driving and handling logs in the Wisconsin river. It does not pretend to have made any improvement in that river in aid of navigation, nor to have built any works thereon to render the driving of logs more certain and feasible. Whatever statutory right of action the plaintiff has is founded upon sec. 3337, R. S. [amended by ch. 141, Laws of 1881], which gives compensation to an owner for driving the logs of another which have become so intermixed with his logs that they cannot be conveniently separated, and which he is compelled to drive, where such other person neglects or refuses to furnish any necessary aid or materials for driving his own logs. It is a claim for driving logs by *necessity*, as counsel say, or where one party has the benefit of another's service, for which in equity he ought to make compensation. It is obvious that where a stream is filled with the logs of different owners, all intermixed, no one owner can use the stream for driving his own logs, without at the same time driving the logs of others; and the statute goes upon the equitable principle that where labor is rendered under such circumstances the party rendering the service is entitled to a reasonable compensation for it from the one who is benefited thereby. If the logs of A. become so intermingled with the logs of B. that it is impossible for the latter to drive his logs without driving the logs of the former, it is but just that B. should be paid by A. what his service is reasonably worth. A. should either make such just compensation or furnish the necessary

aid and material to make the common drive. We do not perceive any valid objection to a law which goes upon such an equitable principle.

It is said, however, that the statute does not apply to the case, because the plaintiff was not the "owner" of the logs which it attempted to drive or handle. We do not think the provision should be confined to the case where the party rendering the service is the absolute owner of the logs. The plaintiff was undoubtedly a bailee of the logs which it attempted to drive, and therefore had a special property in them. It was not a trespasser which had no right to interfere with the logs which it had undertaken to drive. It is true the statute says, "Whenever two or more persons own logs or timber" which are so intermixed that they cannot be conveniently separated; but the word "owner," as here used, includes a person having possession under a special title or interest as a bailee, as well as the absolute owner of the property. The statute is remedial in its nature, and should have a liberal construction. As a matter of fact, we know that the word "owner" is often used to designate a person having an interest in property under a special title, and we have no doubt that it was used in that popular sense in the provision under consideration. The statute authorizes the organization of corporations for driving, sorting, and delivering logs and timber (sec. 1771, R. S.), so the plaintiff had the legal right to take charge of logs intrusted to it to drive. Of such logs it was clearly a bailee for hire, and within the provision.

But it is said the statute was not intended to apply to cases where the logs were banked at different points, and became intermixed after the commencement of the drive. The language is, where the logs "are so intermixed that they cannot be conveniently separated for floating or driving to the place of destination;" and it is plain that this intermingling in the river may take place after as well as

before the commencement of the drive. We see no good reason for restricting the statute to cases where the intermingling takes place at the commencement of the drive. The evidence in the case shows that the Wisconsin river, in the spring, when the water is at a good stage, is often filled with the logs of different owners, and these logs become unavoidably intermixed while being driven to the place of destination. In this case the jury found that the logs which the plaintiff had possession of became so intermixed with the logs owned by the defendant that they could not be conveniently separated, and that it was not practicable to prevent such intermingling; also that the defendant, as to the logs run in 1887, refused and neglected to provide the necessary men or furnish the necessary material for floating or driving its logs to their place of destination.

A further objection is taken to the statute, which is that all persons have the legal right to use the Wisconsin river to drive their own logs, and that this right the legislature cannot abridge or impair. But the legislature does not attempt to impair the right to use the common highway, or prohibit its use, by any one. It merely provides, where logs become so intermixed that one owner cannot exercise his right of navigation without driving the logs of another, that the latter must furnish his share of men and material to make the common drive, or pay a reasonable compensation for driving his portion. This grants no monopoly over the stream to any one, nor does it exclude an owner from its use who is willing to contribute his necessary share of the expense in case of the intermingling of the logs. The river remains open to all to drive logs in. No one is authorized to assume control over and drive the logs of another, except in case of an intermingling, where he may do so in order to make his right of navigation of any avail. As we have said, we can see no valid objection to the statute, and dismiss the question, therefore, without further discussion of it.

The next error relied on for a reversal of the judgment is that the jury failed to find upon all the material issues. The defendant, for a counterclaim, alleged that in the spring of 1886 the plaintiff entered into an agreement, with it by which it undertook to drive and deliver at the Merrill boom all the logs of the defendant which should come in and upon the banks of the Wisconsin river for the drive that season; that the plaintiff was to use due diligence and deliver such logs as soon as the water would permit; but that the plaintiff failed to perform this agreement, by reason of which the defendant sustained damages to the amount of $6,000, by having no logs to stock its mills, and in consequence of the depreciation of the lumber, because its logs were not manufactured that season. The plaintiff admits in its reply that it agreed in the spring of 1886 to drive the logs designated in the complaint as the Burke logs, consisting of about 1,800,000 feet, from Otter rapids to Merrill, and avers that these logs were driven with due diligence, and as fast and far, in the season of 1886, as the water would practicably permit; and that the plaintiff completed the driving of the same in the spring of 1887 as soon as practicable. Now, it is said the jury failed to determine this issue made upon the counterclaim, and did not find whether there was a contract between the parties. The contract was admitted by the pleadings; the only controversy was as to its terms. On the one hand, it was alleged that the plaintiff agreed to drive all the logs the defendant had in the river; on the other hand, that the plaintiff agreed to drive only the old Burke logs, so called. We think there is no evidence tending to show any agreement as to driving applicable to any logs except the Burke logs of 1886; or, at all events, that these were the only logs embraced in the contract which were in the river in time for the plaintiff's drive in the spring of 1886. Now, in respect to these logs, the jury found that they were driven by the

plaintiff as speedily and as clean as was practicable in the condition of the river for driving, and that reasonable diligence was used by the plaintiff in such driving.    This was equivalent to a finding that the plaintiff performed its contract as to the old Burke logs, and no more explicit finding upon that point was necessary; for, assuming that the supposed agreement was as alleged by the defendant, still it only required the plaintiff to use reasonable diligence to drive the logs embraced in the contract to the Merrill boom; and the jury find that the plaintiff could not, by putting on a proper force of men and using due diligence, have driven the defendant's logs to the Merrill boom in the year 1886. So there was no failure on the part of the plaintiff to perform its agreement, according to this finding of the jury. We therefore hold the verdict sufficiently specific upon all the issues to warrant the judgment.    After a careful examination of the evidence, we find no testimony whatever which tends to show that the old Hogue logs, and the Scott and Reubenack logs, even if they were embraced in the contract, were in the river in time for the plaintiff's drive in the spring of 1886.    We reach this conclusion upon the testimony of Mr. Comstock himself, who made the agreement on the part of the defendant.

It results from these views that there was no error in refusing to set aside the verdict of the jury on the grounds that it did not find upon all the material issues.

*By the Court.*— The judgment of the circuit court is affirmed.