ARTHUR MEGQUIER *vs.* ELISHA GILPATRICK.

Aroostook. Opinion February 7, 1896.

*Logs. Timber. Waters. R. S., c. 42, § 6.*

In an action under R. S., c. 42, § 6, to recover for services in driving the defendant's logs that had become intermixed with the plaintiff's logs so that they could not be conveniently separated, it appeared that the plaintiff had logs upon the same stream both above and below the logs of the defendant, and that the plaintiff rolled in his logs below, and while rolling in those above, the defendant turned in his logs and began to drive and they became intermixed with the plaintiff's logs. The defendant continued driving his own logs regardless of the plaintiff's logs and without any effort to drive them. The plaintiff put his crew upon the intermixed mass and drove the same towards the market. Both crews worked upon the mass, the plaintiff driving the whole and the defendant driving only his own. *Held;* that if the plaintiff conducted with reasonable prudence in starting his whole drive, under all the exigencies of the case, then he subjected the stream to a reasonable use as he had a right to do; and if the defendant under such conditions and circumstances interjected his logs in the midst of the plaintiff's logs, then the plaintiff might drive the mass at the expense of both owners; nor could the defendant prevent this course by attempting to drive his own logs only to the added expense of driving the whole mass.

A refusal to rule that the action could not be maintained, it appearing that appropriate instructions were given, was not erroneous.

A motion for a new trial will not be sustained when it appears that the verdict is reasonable in amount and grounded on just and legal principles.

See *Bearce* v. *Dudley*, ante, p. 410.

ON MOTION AND EXCEPTIONS.

The plaintiff recovered a verdict of $63.87, in this action, for his services in driving the defendant's logs. The action, was brought under R. S., c. 42, § 6, and the defendant filed a motion for a new trial and took exceptions as appear in the opinion.

*F. A. and Don A. H. Powers*, for plaintiff.
*Louis C. Stearns and Walter Cary*, for defendant.

SITTING: PETERS, C. J., FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. This is an action under R. S., c. 42, § 6, 'to recover for services in driving the defendant's logs that had become intermixed with plaintiff's logs so that they could not be conveniently separated.

The plaintiff had logs upon the stream both above and below the logs of defendant. The plaintiff rolled in his logs below, and while rolling those above, the defendant turned in his logs and began to drive them and they became intermixed with the plaintiff's logs. The defendant continued driving his own logs regardless of the plaintiff's logs and without any effort to drive them. The plaintiff put his crew upon the intermixed mass and drove the same towards market. Both crews worked upon the mass, the plaintiff driving the whole and the defendant only driving his own.

The defendant contended that under these circumstances the action could not be maintained, but the court ruled otherwise, and gave appropriate instructions not excepted to. To the ruling that the action could be maintained the defendant excepts.

The law of this case is stated in *Bearce* v. *Dudley,* ante p. 410, and need not be repeated here. Of course, if the plaintiff did not use reasonable prudence in rolling in his lower batch of logs and left them to unreasonably obstruct the stream, so that defendant's equal right to use it was invaded, then the intermixture of logs arose from the plaintiff's own misconduct from which he can reap no benefit. But if, on the other hand, he conducted with reasonable prudence in starting his whole drive, under all the exigencies of the case, then he subjected the stream to a reasonable use, as he had a right to do. He could not know when the defendant might turn in his logs, and being the first to operate had a right to manage his whole drive as was most advantageous to himself, provided he did not unreasonably appropriate the stream; if he did not do this, and the defendant saw fit to interject his logs in the midst of the plaintiff's logs, then the plaintiff might drive the mass at the expense of both

owners, and the defendant could not prevent this course by attempting to drive his own logs only to increase the expense of driving the whole mass. Such conduct was largely waste of effort to accomplish the common purpose.

Instructions to this effect, being appropriate, must have been given to the jury as appears from the bill of exceptions. The refusal, therefore, to rule that the action could not be maintained under appropriate instructions was not erroneous.

A careful consideration of the evidence shows that the verdict was reasonable in amount and grounded on just and legal principles.

*Motion and exceptions overruled.*