E. W. BACKUS LUMBER COMPANY v. SCANLON–GIPSON LUMBER
COMPANY.

SAME v. R. C. JEFFERSON and Another.

December 20, 1899.

Nos. 11,868—(160).

### Driving Intermingled Logs.

Where the logs of various owners have become intermingled in a driv-
ing stream, so that they cannot be separated, and an owner fails and
neglects to furnish enough men to drive his own, and thus compels an-
other owner, also engaged in driving, to furnish more than his share of
men and to perform more than his share of the work of driving the mass
of logs to market, the latter may file a lien, maintain an action, and re-
cover reasonable compensation for his services of the former, under the
provisions of G. S. 1894, § 2466. It is immaterial that the owner in fault
is also engaged in driving the mass.

### Same—G. S. 1894, § 2466.

When logs are intermingled in a driving stream, so that they cannot be
separated, one owner cannot arbitrarily and unreasonably put an un-
necessary force of men upon the work, simply because he is in haste to
float his own logs to market, and recover under the statute. Nor can
another log owner unjustly hinder and obstruct the stream with his own
drive, by putting on too few men for his own work, and thus prevent a
recovery. Good faith and reasonable prudence are demanded of all who
have an equal right to use the water.

### Construction of Statute.

The statute in question is remedial in its nature, and should have a
liberal construction.

### Reasonable Compensation.

*Held* that, in ascertaining what plaintiff was entitled to, as reasonable
compensation for aiding in driving defendants' logs, the court could take
into consideration the entire expense incurred by plaintiff when making
a drive of the mass.

### Evidence.

*Held*, further, that certain evidence introduced, as to the cost to plain-
tiff of water from reservoirs and the expense of certain improvements
previously made on the stream by plaintiff, was not prejudicial to de-
fendants.

Two actions in the district court for Hennepin county, against Scanlon-Gipson Lumber Company and R. C. Jefferson and another, copartners as Jefferson & Kasson, respectively, to recover compensation for driving logs. The cases were tried together before Elliott, J., who found in the first case that plaintiff was entitled to recover $428.28 with interest, and in the second that plaintiff was entitled to recover $1,897.20 with interest. From orders denying motions for a new trial, defendants appealed. Affirmed.

*A. Y. Merrill* and *R. J. Powell,* for appellants.

*George H. White* and *Alvord C. Egelston,* for respondent.

COLLINS, J.

The above-entitled actions were brought under G. S. 1894, § 2466, to recover reasonable compensation for driving the logs of the defendants, the plaintiff asserting that it was hindered and obstructed in driving its logs by those of the defendants which had become intermingled with the plaintiff's logs by reason of the defendants' negligence. For convenience, these cases were tried together, a jury being waived by the parties. Thereafter the court filed findings of fact and conclusions of law in each, judgments being ordered in plaintiff's favor for the respective sums found due.

The findings of fact were sufficient, under the statute, to warrant the conclusions of law, and, in addition, the court found that each defendant negligently allowed its logs to intermingle with those of plaintiff, and to obstruct the stream. In the Jefferson & Kasson case, the court found that the defendants had performed some labor in driving their logs, but that the same was wholly insufficient and inadequate to accomplish either the driving, or to prevent, avoid, or remove the obstructions, or to avoid or prevent the intermingling of defendants' logs with those of plaintiff, and the plaintiff was in consequence thereof obliged to, and actually did, drive the Jefferson & Kasson logs. There was no such finding in the action brought against the Scanlon-Gipson Company, although it is contended by counsel for defendants that the evidence on this point was quite as abundant and convincing in the one case as in the other, and that the court should not have distinguished between them in respect to findings. But, in our opinion, such a finding is of no importance.

The position of defendants' counsel is that, to entitle one to recover compensation, by virtue of the statute, for driving intermingled logs, he must assume entire charge of the logs, and drive them clean; and that the statute contemplates such cases only as arise where the owner of logs has abandoned them absolutely, and therefore, where the owner is present and engaged in good faith in driving the intermingled logs, there can be no recovery; and that, where the owner of logs, which have become intermingled with the logs of others, does not furnish a proportionate number of men, and the number of men he does employ on the drive is not sufficient to drive his logs in a reasonably expeditious manner, the recovery, if at all, must be at common law, for negligently obstructing the highway, and not under the statute, for compensation. To use their own words as found in their brief, the question is, "Does the statute authorize a recovery where it appears that the owner has never abandoned his drive, and the only basis of the plaintiff's claim is that he employed proportionately more men than the defendants did?"

We fail to find anything in the statute which warrants counsel in contending that, to recover compensation for driving the logs of another, the party driving must assume entire charge, and that only such cases as arise when the owner has absolutely abandoned his logs are contemplated or covered by it. The statute would prove of little value with such a construction. The owner of logs which were intermingled, or which were obstructing a stream, to the hindrance and detriment of another log owner, could very easily prevent the latter from assuming entire charge of the drive, and there would be no abandonment so long as a single person remained at work. The statute, with such an interpretation, would prove a farce. Counsel for defendants cite Miller v. Chatterton, 46 Minn. 338, 48 N. W. 1109, as authority for their contention, but there is no foundation for their claim. That decision was to the effect that, to invoke the aid of the statute, a party must actually drive the logs of another, and that it is not enough if he simply gets them out of his own way, making no further effort to keep them afloat in the stream. The facts here are wholly different.

The evidence now before us shows clearly that, in the driving of

plaintiff's logs, it was hindered and obstructed by the defendants', which had been put into the stream below a portion of plaintiff's. The stream was long, but narrow. It had no natural reservoirs at its head, and the water ran out very quickly. An energetic, speedy drive was absolutely required, according to the proofs, and plaintiff was necessarily obliged to render services and to perform labor in driving defendants' logs; and the value of these services and labor, and a reasonable compensation for the same, were found and determined by the court below. Certainly, the statute contemplates and includes such a case. As the plaintiff's logs came down the stream, they became intermingled with defendants', so that they could not be separated, and it became absolutely necessary for all to be driven together. The defendants had failed to put on sufficient men for the work of driving their own logs, and the result was that their logs hindered and obstructed the plaintiff's operations in its attempt to float its own logs to market. The plaintiff was compelled to drive defendants' logs with its own, and to furnish men for that purpose, and is entitled to recover reasonable compensation therefor.

The statute does not contemplate, in order to authorize one log owner to recover of another for labor performed or services rendered in driving intermingled and obstructing logs, that the latter must have abandoned all efforts to get his logs to market. It was enacted that an adequate remedy might be had, through the enforcement of a lien, where existing natural circumstances had obliged one log owner to do the work of another and for his benefit. This is just what the exigencies of the situation compelled plaintiff to do on this occasion. The right to recover depends in such cases on establishing at the trial all of the facts set forth in the statute as necessary to support an action, and the material inquiry is, does the plaintiff bring his case within the requirements of the statute? The statute is in aid of business and commerce, is remedial in its nature, and should have a liberal construction, that its purpose may be effected. Merriman v. Bowen, 33 Minn. 455, 457, 23 N. W. 843.

Counsel for defendants argue that, if the statute is to be applied in cases like the one at bar, there will arise many practical difficul-

ties when attempting to enforce it and to do justice. But, as was said in reference to a similar statute in Foster v. Cushing, 35 Me. 60, at page 62:

"In this, as in all other transactions, good faith, sound discretion, and prudent management, so far as the rights of others are involved, are required on the part of the individual by whom the logs are driven. The plaintiff having a right to commence his labors on his own logs at such time as in the exercise of a sound discretion he may deem expedient, it is not easy to perceive why his rights under the statute, to drive all logs so intermixed with his own 'that the same cannot be conveniently separated,' do not forthwith accrue when the logs specified in the statute shall have been driven. If a question arises whether the person driving commenced at a proper time or exercised good faith towards the owner of the logs, it is for the determination of the jury."

One log owner cannot be permitted arbitrarily and unreasonably to put upon the drive an unnecessary force of men, simply because he is in haste to float his own logs to market. Nor can another log owner be allowed unjustly to hinder and delay the drive by putting on too few men on his own logs, and thus to selfishly appropriate the work of another, whose logs are inseparably intermingled, and necessarily must be driven with his own. Good faith and reasonable prudence are demanded of all who have an equal right to use the water, as had all of these parties. The plaintiff s claim is for driving defendants' logs of necessity, where one party has the benefit of another's service, for which in equity he ought to make compensation. It is obvious that where a stream is filled with the logs of different owners, all intermixed, no one owner can use the stream for driving his logs, without at the same time driving the logs of others; and the statute goes upon the equitable principle that, where labor is rendered under such circumstances, the party rendering the service is entitled to a reasonable compensation for it from the one who is benefited thereby. Wisconsin v. D. F. Comstock, 72 Wis. 464, 40 N. W. 146. See also Megquier v. Gilpatrick, 88 Me. 422, 34 Atl. 262.

Counsel also contend that there was an agreement for a joint drive, and therefore plaintiff cannot recover. There is no finding of fact as to such an agreement, and counsel failed to request the trial court to make such a finding.

Counsel further contend that plaintiff should not recover on the proofs here, because another lot of logs, owned by Walker Bros., became a part of the drive at Rice Lake thoroughfare, being intermingled at that point with plaintiff's and defendants'. The evidence as to what part Walker Bros. took in driving is meager, but they had men at work, and it does not appear that they did not have sufficient for the handling and driving of their proportionate share of the mass. What the presumption would be in such a case we need not determine. It is apparent that at the trial all parties assumed that Walker Bros. furnished their share of the men and did their share of the work, no more and no less. The present claim seems to be an afterthought.

In ascertaining what was due to plaintiff as reasonable compensation for aiding in driving defendants' logs, the court below took into consideration the entire expense incurred by plaintiff in driving its own and defendants' logs. It then prorated, as between the parties. Under a statute in which it is provided that "reasonable compensation" may be recovered, as it is in ours, it has been held that, when intermingled logs have been driven, the measure of damages is the pro rata expense of driving the mass. Bearce v. Dudley, 88 Me. 410, 34 Atl. 260.

There was also introduced in these causes evidence that the pro rata share of the expense was the reasonable value of the labor. And it appears to a mathematical certainty that the testimony as to what plaintiff paid for water from reservoirs, and the cost of improvements previously made in the stream in question, objected to by defendants' counsel (the court reserving its ruling, in effect), was not taken into consideration in arriving at the amounts due to plaintiff. The defendants were not prejudiced by this testimony. The findings of fact are supported by the evidence, and obviously they warranted the conclusions of law.

Order affirmed in each case.