PERRIGO, Respondent, vs. CITY OF MILWAUKEE and another, Appellants.

*January 9 — January 28, 1896.*

*Taxation: " Debts " and " effects: " Optional land contract.*

A contract for the purchase of land by a city for a park, providing that the city should be entitled to possession on making the first payment and to a conveyance on payment, within ten years, of

the balance of the purchase price with interest; that in the mean-
time the city should pay all taxes on the land; that upon default
in any payment of purchase money, interest, or taxes the vendors
might foreclose the rights of the city in the land; but that there
should be no corporate liability against the city in any manner or
form by reason of the contract,— is not taxable as creating a debt
against the city in favor of the vendors, nor as being an effect hav-
ing any real or marketable value, within the meaning of sec. 1036,
R. S.

APPEAL from orders of the circuit court for Milwaukee
county: D. H. JOHNSON, Circuit Judge. Affirmed.

The complaint alleges that on October 13, 1891, the plaint-
iff, Meder A. Perrigo, and one William H. Perrigo were
the owners in fee of certain land situated in the town of
Wauwatosa, in the county of Milwaukee, as tenants in com-
mon, each owning an undivided one-half; that on that day,
under and pursuant to ch. 488, Laws of 1889, and ch. 179,
Laws of 1891, the board of park commissioners of the city
of Milwaukee entered into an agreement in writing with
the said Meder A. and William H. Perrigo, a copy of which
is annexed to the complaint as an exhibit. That agreement
is to the effect that in case the city paid $8,203.76 down and
$46,487.94 on or before ten years from that date, with in-
terest at five per cent., then they would, on demand, convey
said premises to the city by deed containing the usual cove-
nants; that in the meantime the city should pay all taxes,
special and general, which should be assessed on said prem-
ises after January 1, 1891, whenever such taxes should be-
come due and payable by law, until the said purchase price
should be fully paid in the manner stated; that if the city
failed to make any of the payments of purchase money or
interest thereon at the times and in the manner specified, or
to pay the taxes as therein agreed, the said Perrigos, their
heirs, executors, administrators, and assigns, might, by ac-
tion or proceedings at law or in equity, foreclose all right
and equity of redemption of the city in and to said prem-

ises, and sell the same at public auction or vendue, and all the right, title, and interest of the city in and to the same, and, out of the proceeds of such sale, pay any sum remaining unpaid, either of principal, interest, or taxes; and the Perrigos therein, in consideration of the premises, for themselves, their heirs, executors, administrators, and assigns, did covenant and agree to and with the city that the sum of money thereby secured should not create any corporate liability against the city in any manner or form, and that they would not claim any corporate liability against the city by reason thereof.

The complaint further alleges that the said agreement so held by the Perrigos was not taxed for 1891, 1892, or 1893, but in the year 1894 one half of said agreement was by the appropriate officers of the city wrongfully and illegally, and wholly without authority of law, and against the protest of the plaintiff, assessed in the Eighth ward of the city, against the plaintiff, as personal property, at the sum of $11,600, and the tax had been carried out under said assessment upon said tax roll against the plaintiff, in the sum of $283.05, and the same was entered upon said tax roll in the hands of the defendant city treasurer, who is about to enforce the collection of the same; that the defendants threaten to levy upon, seize, advertise, and sell personal property of the plaintiff to satisfy and pay said tax, and will proceed to collect said tax by seizure of the plaintiff's personal property and the sale thereof, to his great loss and damage, unless restrained by order of the court; that said agreement was not any form of property, either real or personal, subject to taxation under the laws of this state.

The action was commenced on December 26, 1894, against the city and its treasurer, to restrain the collection of such taxes. The defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action against them, or either of them, but expressly

waived any objection on the ground that the plaintiff had
an adequate remedy at law.   On January 12, 1895, the court
overruled such demurrer, and from that order the defend-
ants appeal.   On January 16, 1895, the court, by order, en-
joined and restrained the defendants from collecting or
attempting to collect the tax in question during the pend-
ency of this action, or until the further order of the court.
From that order the defendants also appeal.

For the appellants there was a brief by *C. H. Hamilton*,
city attorney, and *Ernest Bruncken*, assistant city attorney,
and oral argument by *Mr. Bruncken.*   They contended,
*inter alia*, that the interest of the plaintiff in the agreement
constitutes property.   *Gulf, C. & S. F. R. Co. v. Fuller*, 63
Tex. 467.   The following things, among others, have been
declared to come under the head of property: Choses in
action.   *Trimble v. Mt. Sterling*, 12 S. W. Rep. 1066; *Boyd
v. Selma*, 96 Ala. 144; *Boardman v. Supervisors of Tomkins
Co.* 85 N. Y. 359.   The right to have a patent issued.   *White-
hill v. Jacobs*, 75 Wis. 479.   The right to receive property
or money and to enforce such right by action in court.
*State ex rel. Dwinnell v. Gaylord*, 73 Wis. 325.   The right
to bring an action, even when based on tort.   *Dunlap v. T.,
A. A. & G. T. R. Co.* 50 Mich. 474; *Power v. Harlow*, 57
id. 111.   The right to take an appeal.   *People v. Cadman*,
57 Cal. 564.

*Geo. E. Sutherland*, for the respondent, to the point that
the agreement is not a debt due on contract or otherwise,
and is not an evidence of debt within the taxation statutes,
cited *People v. Hibernia S. & L. Soc.* 51 Cal. 243; *U. S. v.
Wigglesworth*, 2 Story, 369; Sutherland, Stat. Const. § 363,
and cases cited in notes; *Boyd v. Hood*, 57 Pa. St. 98, 101;
*Wis. Cent. R. Co. v. Taylor Co.* 52 Wis. 37; *Lowell v. Street
Comm'rs of Boston*, 106 Mass. 540; *Fellows v. Duncan*, 13
Met. 332; *Scully v. People*, 104 Ill. 349; *Thomas v. Board*

*of Sup'rs of Holmes Co.* 67 Miss. 754; *Brown v. Thomas,* 37 Kan. 282; *Arnold v. Middletown,* 41 Conn. 206; *State v. Rand,* 39 Minn. 502.

CASSODAY, C. J.    By the terms of the agreement the. city, upon making the first payment, was entitled to the possession of the premises, with the right to alter, change, and improve the same, to be used as a public park, pursuant to ch. 488, Laws of 1889, and ch. 179, Laws of 1891; but it had no right to a conveyance of the legal title thereof until it had, within the ten years mentioned, paid the balance of the purchase price,— $46,487.94,— with the interest thereon payable annually, and all taxes assessed on the premises after January 1, 1891.    For any failure of the city to make any payment of purchase money or annual interest or taxes at the times and in the manner specified, the Perrigos, their heirs, executors, administrators, and assigns, were thereby expressly authorized, by action or proceedings at law or in equity, to bar and foreclose all right and equity of redemption of the city in the premises.    But each of the legislative enactments mentioned expressly provides that such purchase, or agreement to purchase, should be " without creating any corporate liabilities therefor; " and the agreement expressly provides that the same should " not create any corporate liability against " the city " in any manner or form," and that the Perrigos would " not claim any corporate liability against " the city " by reason thereof."

It is manifest that the legal title to the premises remained in the Perrigos, subject to the possession in the city, with the option in the city to acquire the legal title by paying the full amount of the purchase money, interest, and taxes, as agreed.    The right of the town of Wauwatosa to tax the premises, as the property of the Perrigos, is expressly recognized in the agreement; and the city therein expressly

agrees to pay the same as a part of the purchase price. Thus, the premises are taxed by the town as real property, the legal title to which is in the Perrigos.

The question recurs whether the Perrigos, as residents of the city, had such property rights in the optional agreement held by the city as to make the same taxable as personal property by the city, within the meaning of the statutes. R. S. secs. 1034–1036. These statutes provide that "the term 'personal property,' as used in this title, shall be construed to mean and include . . . *all debts due* from solvent debtors, whether on account, note, contract, bond, mortgage or other security, or whether such *debts are due or to become due;* and all . . . moneys and effects, of any nature or description, having any real or marketable value, and not included in the term real property, as above defined." Does this optional agreement held by the city create a debt against the city and in favor of the Perrigos? Certainly not, since, as indicated, it expressly provides that the city shall not thereby be made liable in any manner or form. Of course, if the contract created an indebtedness against the city capable of being enforced, its *situs* would be the domicile of the owner. *State ex rel. Dwinnell v. Gaylord,* 73 Wis. 325. "In the case of such intangible species of property, the thing that is valuable is the *right of the creditor* to receive property or money, and to enforce such right by action in court." Id. But the Perrigos are not "creditors" having a right to an indebtedness against the city which they can enforce by action or otherwise. The most they can do is to reclaim their land, and bar the city from it. Nor do we think the optional agreement is an "effect" belonging to the Perrigos, "having any real or marketable value," within the meaning of the statute quoted. The further payment by the city of any portion of the purchase price or interest or taxes is entirely optional with the city. It is, so far as the Perrigos are concerned, a mere possibility or expectancy,

attached to the real estate, and from its nature is incapable of being separated therefrom and sold *as personal property*, but would necessarily pass by a conveyance of the land. *Needles v. Needles*, 7 Ohio St. 432, 70 Am. Dec. 85; *Purcell's Adm'r v. Mather*, 35 Ala. 570, 76 Am. Dec. 307; *Young v. Young*, 89 Va. 675, 23 L. R. A. 642, and notes; *Kansas Mut. L. Asso. v. Hill*, 51 Kan. 636. Similar agreements have been held not taxable against the vendors in other states. *Brown v. Thomas*, 37 Kan. 282; *Kelly v. Minneapolis*, 65 N. W. Rep. 115. The defendant expressly waives any objection on the ground that the plaintiff has an adequate remedy at law. *Peck v. School Dist.* 21 Wis. 516.

It follows from what has been said that the demurrer was properly overruled, and the injunctional order properly made.

*By the Court.*— Both orders of the circuit court are affirmed.