| 95 | 39 |
| 97 | 514 |

| 95 | 39 |
| 114 | 249 |
| s36 LRA | 45 |
| 36 LRA | 47n |

MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*December 18, 1896 — January 12, 1897.*

*Street railways: Franchises: Forfeiture, how decreed.*

While the state has delegated to cities the authority to act for it and on its behalf in granting franchises to build and operate street railways, it has not granted to them the power to institute and maintain actions to forfeit such franchises for misuse or abuse. Such a forfeiture cannot therefore be decreed in a suit in equity brought by the city, but must be adjudged by action in the name of the state under sec. 3241, R. S.

APPEAL from orders of the superior court of Milwaukee county: R. N. AUSTIN, Judge. *Reversed.*

This is an action in equity, brought by the plaintiff company, to enjoin the city of *Milwaukee* from tearing up or

removing the tracks which it had commenced to lay on the 24th day of May, 1896, on two blocks of Washington avenue, or Twenty-Seventh street, in the city of *Milwaukee*, between Wells street and Chestnut street. These are the same blocks involved in the action of *Wright v. Milwaukee Electric R. & L. Co.*, *ante*, p. 29; and this action is a branch of the same contest. The facts stated in that case will not be restated. It is sufficient for the purposes of this appeal to state that after the preliminary injunctional order had been issued and served in the *Wright Case*, preventing the street-railway company from completing its tracks on the blocks in question, and on the 25th day of May immediately following, the board of public works of the city of *Milwaukee* made a written order and served the same upon the railway company, directing it to repave and restore the street and remove all the railway tracks, ties, and other obstructions therefrom within twenty-four hours from the service of the order. Thereupon, on the 26th day of May following, the railway company commenced this action, and, upon a verified complaint setting forth its rights in the street and the action of the board of public works, obtained an order to show cause why the board of public works should not be restrained during the pendency of the action from taking up the plaintiff's tracks and ties, and from interfering with the plaintiff in the construction of the tracks; and until the hearing of the motion a temporary restraining order was granted. The defendant city thereupon appeared, and served an answer setting forth the nonuse of the street by the plaintiff company for more than four years as a defense to the action, and also setting forth, by way of counterclaim, practically the same facts as to nonuse and abandonment of the street, and prayed a perpetual injunction against the railway company preventing it from constructing its lines or operating its cars upon said street. Upon the hearing of the order to show cause, the plaintiff's application for an

injunction *pendente lite* was denied, and the temporary restraining order dissolved. Afterwards the motion of the defendant, based upon the counterclaim, restraining the plaintiff *pendente lite* from constructing its line or operating cars over the street in question, was granted. Thereafter the plaintiff served a general demurrer to the defendant's counterclaim, and, upon argument thereof, the demurrer was overruled. From these three orders, the plaintiff appealed.

For the appellant there was a brief by *Miller, Noyes, Miller & Wahl*, and oral argument by *Geo. P. Miller*.

*Charles H. Hamilton*, city attorney, and *Howard Van Wyck*, assistant city attorney, for the respondent.

WINSLOW, J. It was held in the case of *Wright v. Milwaukee Electric R. & L. Co., ante*, p. 29, that the street railway's franchise to operate a street railway upon the street in question had not lapsed or been lost at the time it commenced to relay its tracks. We shall not go over the ground again in the present case. Practically the only question remaining in the present case is whether the city can successfully maintain an action in equity to prevent the relaying of the tracks on account of the nonuse of the street for nearly five years. It will be readily seen that, if it can do so, the action will be practically an action brought to declare a forfeiture of the franchise to operate a railway upon that piece of street. This question can be answered logically in but one way, and that is in the negative. The franchise was the grant of the state. It was granted through the medium of the city, but, in making the grant, the city exercised the power of the state and acted on its behalf. While the state has delegated to the city the authority to grant franchises of this character, it has not granted to the city the power to institute and maintain an action to forfeit the franchise for misuse or abuse. It has reserved to itself, acting through its attorney general and by leave of this court first

Milwaukee Electric R. & L. Co. vs. City of Milwaukee and another.

obtained, this very important and delicate right and duty. This is the clear purpose and effect of the provisions of sec. 3241, R. S., and the decisions made thereunder. Such leave is a necessary prerequisite to the bringing of the action, and the granting or refusing thereof lies in the sound discretion of the court. *State ex rel. Att'y Gen. v. Janesville Water Co.* 92 Wis. 496. These considerations seem amply sufficient to dispose of this case. The franchise exists. It had not been lost by nonuser, or forfeited by surrender, or by judgment of the court; and, if it is to be forfeited, it must be done in the way pointed out by the statute. It follows that all the orders appealed from must be reversed. The company had a right to rebuild its track and resume the performance of its public duty, and it was therefore entitled to an order restraining interference with such right.

The converse of the proposition necessarily follows, namely, that the city had no right to an order preventing the company from relaying its tracks. The counterclaim stated no cause of action, because a forfeiture cannot be declared by bill in equity brought by the city. It must be done by action in the name of the state, under sec. 3241, R. S.

*By the Court.*— Orders reversed, and action remanded for further proceedings according to law.

See note to this case in 36 L. R. A. 45.— REP.