CITY OF MILWAUKEE, Respondent, vs. MILWAUKEE COUNTY and another, Appellants.

*December 21, 1896 — March 16, 1897.*

*Taxation, exemption from: Land held by city under optional contract.*

Land of which the legal title remains in the vendors, but the actual possession is in the city of Milwaukee under contracts which give it the option to become the owner on making certain payments, with the right to possession until default, but create no legal obligation on the part of the city to purchase or make the payments, cannot be considered as either owned exclusively or held under a lease by the city, and is not therefore exempt from taxation under either subd. 2, sec. 1038, R. S. 1878, or sec. 11, subch. XX, of the city charter (ch. 184, Laws of 1874).

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge.  *Reversed.*

This is an action in equity, brought by the city of *Milwaukee* against the county of *Milwaukee* and the county treasurer, for the cancellation of county, school, and state taxes levied upon certain lands in the town of Wauwatosa, but occupied by the city for park purposes.   The legal title to the lands in question at the time of the levying of said taxes was in William H. Perrigo and others, but the city was in possession thereof under certain contracts, dated October 13, 1891.   The terms of the contracts are quite fully set forth in the opinion written by the present chief justice in the case of *Perrigo v. Milwaukee*, 92 Wis. 236, as follows: "By the terms of the agreement, the city, upon making the first payment, was entitled to the possession of the premises, with the right to alter, change, and improve the same, to be used as a public park, pursuant to ch. 488, Laws of 1889, and ch. 179, Laws of 1891; but it had no right to a conveyance of the legal title thereof until it had, within the ten years mentioned, paid the balance of the purchase price,— $46,487.94,— with the interest thereon, payable annually, and all taxes assessed on the premises after January 1, 1891.   For any failure of the city to make any payment of purchase money or annual interest or taxes at the times and in the manner specified, the Perrigos, their heirs, executors, administrators, and assigns, were thereby expressly authorized, by action or proceedings at law or in equity, to bar and foreclose all right and equity of redemption of the city in the premises.   But each of the legislative enactments mentioned expressly provides that such purchase or agreement to purchase should be 'without creating any corporate liabilities therefor;' and the agreement expressly provides that the same should 'not create any corporate liability against' the city 'in any manner or form,' and that the Perrigos would 'not claim any corporate liability against' the city 'by rea-

City of Milwaukee vs. Milwaukee County and another.

son thereof.'" In that case it appeared that the city had attempted to tax Perrigo's interest in one of the contracts as personal property, he being a resident of the city, and it was held not taxable as personal property, because it created no debt, and was a mere possibility or expectancy attached to the real estate.

The complaint in the present action set forth the possession of the city under such contracts, and the fact that state, county, and school taxes had been assessed thereon for the year 1895, and demanded cancellation of the same on the ground that the lands in question were owned by the city and exempt from taxation. A preliminary injunction, restraining the sale of the lands *pendente lite*, was granted by the circuit court upon the complaint. The defendants appeared, and demurred generally to the complaint, and moved to dissolve the temporary injunctional order, which motion was denied, and the defendants appealed.

The case was submitted for the appellants on the brief of *A. C. Brazee*, district attorney, and *A. W. Bell*, assistant district attorney, and for the respondent on that of *C. H. Hamilton*, city attorney, and *Ernest Bruncken*, assistant city attorney.

Counsel for the appellants contended that the city of *Milwaukee* did not "exclusively own" the land in question so as to render it exempt. It had only an option to buy and was under no obligation to do so. *Perrigo v. Milwaukee*, 92 Wis. 236. Exemptions can be allowed only when granted in clear and unmistakable terms. 1 Desty, Taxation, 132; *Weston v. Shawano Co.* 44 Wis. 256.

The following opinion was filed January 12, 1897:

WINSLOW, J. By R. S. 1878, sec. 1038, subd. 2, all property owned *exclusively* by any "county, city, village, town or school district" is exempt from taxation. By the charter of the city of *Milwaukee* (ch. 184, Laws of 1874) it is

provided that " the city may *lease,* purchase and hold real or personal estate sufficient for the convenience of the inhabitants thereof, and may sell and convey the same and the same shall be free from taxation." Subch. XX, sec. 11. The simple question is whether, under either of these provisions, the land in question was exempt from taxation. The city had certainly not leased it, nor had it purchased it, nor did it own it exclusively. As pointed out in *Perrigo v. Milwaukee,* 92 Wis. 236, the legal title was in the vendors, and the city simply had an option to purchase with the right to possession until default. It was not bound to pay the purchase money. Under these circumstances, we are unable to see how the land could be considered either as owned exclusively by the city or leased by the city. The principle that the vendee in possession of land under a contract of purchase which binds him to pay the purchase money is the equitable owner, and, in the absence of express agreement, must pay the taxes (*Williamson v. Neeves,* 94 Wis. 656), has no application for the reason that the city is not holding the land under a contract of purchase. The city may choose to acquire the title by paying the sums named in the contract, or it may choose to cease paying, and forfeit its option. It now has possession under an option, but it has no lease, and certainly has no title, much less an exclusive title. The complaint shows no cause of action, and the injunctional order should have been dissolved.

*By the Court.*— Order reversed, and action remanded with directions to dissolve the temporary injunctional order.

A motion for a rehearing was denied March 16, 1897.