PETERSON, Appellant, vs. JOHNSON, Respondent.

*April 15—June 30, 1907.*

*Partition fences: Trespasses by animals: Who are "owners of lands."*

In sec. 1391, Stats. (1898), providing that the respective "occupants" of adjoining lands used for farming purposes shall maintain partition fences unless they otherwise mutually agree, and that "owners of lands" who do not maintain such fences shall not be entitled to recover damages for trespasses by the animals of owners of adjoining lands with whom partition fences might have been maintained, the "owners of lands" who are so precluded from recovering damages embrace all persons designated as "occupants" of lands, including tenants thereof.

APPEAL from a judgment of the circuit court for Polk county: A. J. VINJE, Circuit Judge. *Affirmed.*

This is an action for the recovery of damages for injury done by defendant's sheep in trespassing on lands occupied by plaintiff. There is no dispute but that some of the damage was committed by defendant's sheep. Defendant is the owner of eighty acres of land used for farming purposes, and plaintiff is the tenant of the land adjoining it on the east. The court found that the lands occupied by plaintiff and defendant were adjoining lands used and occupied for farming purposes and that the partition fences were not maintained and kept in repair by the respective owners. The court awarded judgment in favor of defendant on the ground that plaintiff was precluded from recovering damages for the

trespass of defendant's sheep, because the partition fences were not maintained and kept in repair by the parties as adjoining occupants and owners. This is an appeal from the judgment.

The cause was submitted for the appellant on the brief of *Frank B. Dorothy,* attorney, and *Kennedy & Yates,* of counsel, and for the respondent on that of *Clarence C. Coe & Arthur E. Coe.*

The following opinion was filed April 30, 1907:

SIEBECKER, J. The question presented is whether plaintiff, as tenant of the premises on which the damage was done by defendant's sheep, is precluded from recovering for such damage under the provisions of sec. 1391, Stats. (1898). The first part of the section imposes the duty on "the respective occupants of adjoining lands, used and occupied for farming purposes," of maintaining partition fences, unless they mutually otherwise agree. The section provides further:

"And owners of lands who do not maintain and keep in repair lawful partition fences shall not be entitled to recover any damages whatever for trespasses by the animals of owners of any adjoining lands with whom partition fences might have been maintained if such lands had been inclosed."

Does the word "owners," as used in the last part of the section, include persons designated by the word "occupants" in the preceding part? Taking the context of the section, it is apparent that the first part enjoins a duty on occupants of adjoining lands, requiring the maintenance of partition fences between adjoining lands used and occupied for farming purposes, and the latter part precludes the recovery, in default thereof, of certain damages by the defaulting party. This naturally suggests that the two parts of the section were intended to be mutually inclusive in respect to the persons embraced in its provisions. The object sought to be attained

seems likewise to point to this interpretation of its provisions.

We also find that the word "owner," as applied to land, is descriptive of various rights to and interests in land. On this subject the recent case of *Merrill R. & L. Co. v. Merrill,* 119 Wis. 249, 96 N. W. 686, contains a helpful discussion. Based on the authorities collected and on an examination of them as to the significance of the expressions "own" and "ownership," it is there observed:

"As titles and rights to real property vary from the absolute and unqualified fee simple to that of the mere occupant, so the word 'own,' or 'ownership,' varies in its significance. . . . Hence it is not surprising that we find the word in statutes given the widest variety of construction, usually guided in some measure by the objects sought to be accomplished in the particular instance. . . . Thus it appears very clearly that the word 'owned' is not a technical term, that it is a general expression to describe a great variety of interests, and may vary in significance, according to context and subject matter."

See, also, 6 Words and Phrases, subjects OCCUPANT and OWNER.

Applying these considerations to this statute, we are persuaded that the legislative intent was that all persons described as "occupants of adjoining lands, used and occupied for farming purposes," and charged with the duty of maintaining partition fences, should be included within the class of persons described as "owners of land" who are precluded from recovering damages for trespasses by animals of owners of such adjoining lands with whom party fences might have been maintained. This would bring the plaintiff within the class comprehended by the last clause of this section, and would prevent him from recovering damages for the alleged trespasses of defendant's sheep if he did not maintain and keep in repair a lawful partition fence between the premises he occupied as tenant of Mr. Peck and those of the de-

fendant next adjoining them. Upon the evidence adduced there is no dispute but that plaintiff failed to maintain such partition fences, and he therefore is not entitled to recover the damages caused him by the trespasses of defendant's sheep.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied June 20, 1907.