A. FRED WEY, Respondent, v. SALT LAKE CITY, Appellant.

No. 2002.   Decided April 13, 1909   (101 Pac. 381).

1. MUNICIPAL CORPORATIONS—EXEMPTIONS—SPECIAL TAXES. Const., art. 13, sec. 3, declaring property not exempted under the laws of the United States or this Constitution shall be taxed, does not apply to special assessments, but only to general taxation, and did not render invalid Rev. St. 1898, sec. 1933, providing that property held by the board of education shall be exempt from local assessments. (Page 506.)

2. TAXATION—EXEMPTIONS—INVALID ASSESSMENT — REMEDY — ACTION TO ANNUL. Rev. St. 1898, sec. 264, providing for payment under protest and recovery back of an assessment "in consequence of any error or irregularity committed or appearing in any of the proceedings," does not apply to an attempted assessment of exempt property and does not preclude a suit to annul such assessment. (Page 507.)

3. TAXATION—EXEMPTIONS—SCHOOL PROPERTY—"HELD." Rev. St. 1898, sec. 1933, exempting from taxation property "held" by the board of education, means all property "owned" by the board and cannot be interpreted as intending only property used for school purposes. (Page 508.)

4. MUNICIPAL CORPORATIONS—CLOUD ON TITLE—INVALID ASSESSMENT. The maintenance of a suit to annul a special assessment on school properly exempt from taxation and to quiet title cannot be denied on the principle that equity will not assume jurisdiction if the instrument or proceeding constituting the cloud on title is void on its face, as the invalidity of the assessment was not sufficiently apparent as a matter of record, and Comp. Laws 1907, sec. 3511, has enlarged equity jurisdiction of suits to quiet title. (Page 508.)

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by A. Fred Wey against Salt Lake City to annul a special assessment and quiet title.

From a decree for plaintiff, defendant appealed.

AFFIRMED.

*H. J. Dininny* and *P. J. Daly* for appellant.

*S. P. Armstrong* for respondent.

STRAUP, C. J.

The principal question of law presented on this appeal involves the validity of section 1933, Rev. St. 1898 (Comp. Laws 1907). The section is as follows: "All property, real and personal, held by the board of education shall be exempt from general and special taxation, and from all local assessments for any purpose, and shall not be taken in any manner for debt." It is claimed that this section is in conflict with the following provisions of the state Constitution: "All property in the state, not exempt under the laws of the United States, or under this Constitution, shall be taxed in proportion to its value, to be ascertained as provided by law." Article 13, section 2. "The legislature shall provide by law a uniform and equal rate of assessment and taxation on all property in the state, according to its value in money, and shall prescribe by general law such regulations as shall secure a just valuation for taxation of all property: . . . Provided further that the property of the United States, of the state, counties, cities, towns, school districts, municipal corporations and public libraries, lots with the buildings thereon used exclusively for either religious worship or charitable purposes, and places of burial not held or used for private or corporate benefit, shall be exempt from taxation." Article 13, section 3.

Salt Lake City levied a special tax or local assessment on lands abutting a certain street to defray the expenses of paving and improving it. The board of education of Salt Lake City owned land abutting that street. It failed to pay the assessment. Later it sold the land to plaintiff. The city contends that the special tax or assessment is a charge and a

lien against the property. The plaintiff brought this action to annul the assessment levied against the property, claiming that the property was exempt from such special tax or local assessment. A judgment was rendered in favor of the plaintiff from which the defendant has prosecuted this appeal.

It is very clear that under the statute the property was exempt from the local assessment. It is, however, urged that the Constitution has provided what property shall be exempt from taxation and assessment, that it was not competent for the legislature to provide other or additional exemptions, and that the legislative enactment has such effect. Courts have very frequently and uniformly held that Constitutions and statutes exempting property from taxation do not apply to special assessments. "The distinctions between taxes and assessments have been recognized and stated by the courts of almost every state in the Union, and a rule of very general acceptance has been based upon these distinctions—that an exemption from taxation is to be taken simply from the burden of ordinary taxes, taxes proper, and in no manner relieves the property-owner from the obligation of paying a special assessment." Hamilton Law of Special Assessments, section 312. The same doctrine is stated in 1 Cooley on Taxation, p. 362, and 2 Cooley on Taxation, p. 1228. It is unnecessary to cite cases. The principle of law is not disputed by the appellant. The Constitution, providing that "all property not exempt under the laws of the United States or under this Constitution shall be taxed," and that certain enumerated property "shall be exempt from taxation," refers to general taxes or burdens imposed for public revenue, and not to local assessments against property for pavements and street improvements, or other assessments for local purposes. The Constitution has spoken only on the question of general taxation, and has declared that the property of "school districts," and other property, shall be exempt from such taxation. Of course, the legislature may not declare exemptions of other property from such taxation.

It did not attempt to do so. The exemptions created by it do not refer to exemptions of property from general taxation, other than that exempted by the Constitution, but to exemptions of property from special taxation and local assessments. Having held that the Constitution does not "apply to local assessments, its provisions on the subject of taxation should not be treated as authority, direct or indirect, for holding property of any kind exempt from such assessments. If it supplies no rule for levying assessments, and declares no exemption from their imposition, what control can it possibly have when a statute on the subject of assessments is under construction? To appeal to it in the discussion is either to recede from the doctrine that it is silent on assessments or to invoke what it says on one subject to limit what the legislature has expressly said when treating of another." (*City of Atlanta v. Church,* 86 Ga. 730, 13 S. E. 252, 12 L. R. A. 852.) The exemptions in the Constitution referring only to exemptions from general taxation, it was competent for the legislature to provide for exemptions from local assessments. With respect to such a matter it could pass any act not expressly or by necessary implication inhibited by the state or Federal Constitution. We do not find anything in the Constitution placing an inhibition upon such legislation. We think the act valid.

It is further urged that, if the property under the law was exempt from the assessment, the board, by reason of the provisions of section 264, Revised Statutes 1898, was required to pay the assessment under protest, and within sixty days thereafter bring an action to recover back the money so paid, and that such remedy was exclusive. This section of the statute refers and applies to the setting aside of an assessment "in consequence of any error or irregularity committed or appearing in any of the proceedings." It does not apply to a case where the property, as here, was not subject to but was exempt from, the assessment. (*I. C. R. R. Co. v. Hodges et al.,* 113 Ill. 323; *Macklot v. City of Davenport,* 17 Iowa 379; *Rosehill Cemetery Co. v.*

*Kern,* 147 Ill. 483, 35 N. E. 240; *Manning v. Den,* 90 Cal. 610, 27 Pac. 435.)

It is further urged that the statute exempting property of the board is applicable only to property held by the board and used for, or devoted to, school or other public purposes, and that it is not alleged in the complaint, nor found by the court, that the property was used for or devoted to such purposes. The statute itself makes no such distinction, and we see no reason why we should make it. It has been held that, independent of constitutional provisions or statutory enactments, "public policy itself will deny and forbid the application of general laws to property so held in trust for public purposes, as public school buildings, city or county municipal buildings, and the necessary land upon which they stand, because of the grave interference with necessary public functions, governmental or educational, which would thus result;" but lands owned by some public agent or mandatary of the government, such as school boards, public institutions, counties, or cities, and which are not in use in the performance of a public function, are in the absence of a constitutional or legislative restriction, compelled to bear their part of the expense which goes directly to increase their value. (*City Street Improvement Co. v. Regents of University,* 153 Cal. 776, 96 Pac. 801; 28 Cyc. 1117.) The statute exempting property of the board has exempted "all property, real or personal, held by the board of education." The word "held," as used in the statute, means owned. (*State v. South Penn. Oil Co.,* 42 W. Va. 80, 24 S. E. 688.) The statute having exempted all property owned by the board, we are not at liberty to read into it words which mean that the property must be used for school or other public purposes or functions. (*Milwaukee, etc., Ry. Co. v. City of Milwaukee,* 95 Wis. 424, 69 N. W. 819.)

Lastly, it is claimed that, if the property was exempt from the assessment, then the city's attempt to assess it, and its assertion of a lien in violation of law, would constitute no cloud on the title, and hence the action

brought by plaintiff to have the charge and assessment against the land decreed void, and the city debarred and enjoined from asserting any claim or lien against the land, would not lie. The principle invoked that where the instrument or proceeding constituting the alleged cloud is absolutely void upon its face, so that no extrinsic evidence is necessary to show its invalidity, a court of equity will not exercise its jurisdiction to restrain or to remove a cloud, for the assumed reason that there is no cloud, cannot be applied for two reasons: (1) The cloud and all the facts of the invalidity of the claim are not matters sufficiently of record (3 Pom. Eq. Juris, section 1399); and (2) our statute (section 3511, Comp. Laws 1907) has enlarged the ancient jurisdiction of courts of equity in respect of suits to quiet title and to determine adverse claims (*Devine v. Los Angeles,* 202 U. S. 313, 26 Sup. Ct. 652, 50 L. Ed. 1046; *Goldberg v. Taylor,* 2 Utah 486.)

The judgment of the court below is affirmed, with costs.

FRICK and McCARTY, JJ., concur.