STATE ex rel. BOARD OF EDUCATION OF SALT LAKE CITY v. McGONAGLE.

No. 2152.   Decided November 28, 1910 (112 Pac. 401).

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—PROPERTY EXEMPT
—STATUTES. Under Comp. Laws 1907, sec. 1933, providing that all property held by the board of education shall be exempt from general and special taxation, and from all local assessments for any purpose, etc., lands owned by the board are exempt from local assessment or special taxation for the construction of a public sewer, and the city could not impose the payment of a reasonable charge before it was required to permit the board to connect with or use the sewer.[1]   (Page 280.)

Application by the State of Utah on the relation of the Board of Education of Salt Lake City for a writ of mandate against George F. McGonagle.

WRIT GRANTED.

---

[1] Wey v. Salt Lake City, 35 Utah, 504, 101 Pac. 381.

*C. S. Varian* for plaintiff.

*H. J. Dininny* for defendant.

STRAUP, C. J.

An application is made by the board of education of Salt Lake City for a writ of mandate against the city engineer of that city requiring him to issue a permit to enable the board to connect a school building with the public sewer of the city. The substance of the petition is, that the city engineer is ex officio the supervisor of the sewer system of the city and has supervision and control of it; that it is provided by ordinance of the city that before a sewer connection can be made an application in writing must be filed with the engineer, accompanied by plans showing the cause of the connection sought to be made, the size and location of all branches located therewith, and payment of a fee as prescribed by the ordinance; that such an application was filed, a tender made of the fee, and a demand for a permit, and that the engineer refused to issue it upon the ground that the board had refused to pay a special assessment levied against the school property of the board for the construction of the public sewer. To this petition the engineer interposed a demurrer for want of facts, and filed an answer. The relator moved for judgment on the pleadings. The questions of law raised by the demurrer and the motion may be considered together.

It is urged by the engineer that mandamus does not lie, because the performance of the act sought to be directed by the court is not one which, under the statute (Section 3641, Comp. Laws 1907), the law specially enjoins as a duty resulting from an office, trust, or station or to compel the admission of the relator to the use or enjoyment of a right to which it is entitled, and from which it is unlawfully precluded by the engineer. The performance of such acts— the issuing of permits—is by law specially enjoined on the engineer as a duty resulting from his office. By ordinance it is his duty to issue permits when applications therefor

are made, accompanied by plans, and upon the payment of the fee. No one else is authorized to issue them. When a written application is made in compliance with the ordinance, the performance of the act—the issuance of the permit—is one which the engineer is required to perform in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety or impropriety of the act to be performed. True, the engineer, in a sense, was required to exercise some judgment with respect to the plans accompanying the application, and to ascertain whether the application, in such respect, was in compliance with the ordinance, yet the duty to perform the act was none the less ministerial. The fact that a person who is required to perform an act may be required to satisfy himself of the existence of a state of facts under which he is given the right or warrant to perform the required duty, does not render the performance of the act discretionary and not ministerial.

The alleged and admitted facts show that upon a published notice of intention Salt Lake City extended and constructed a public sewer laterally along a public street of the city, and to defray the abutters' portion of the costs and expenses thereof it levied a local or special assessment or tax on the lands abutting the street along which the sewer was constructed. The board of education owned land abutting the street which was used for school purposes, and upon which a school building is maintained by it for public school purposes. The tax or assessment levied against such land of the board amounted to ninety-eight dollars, payable in annual installments of sixteen dollars and thirty-four cents. It is further provided by an ordinance of the city that whenever property had been previously assessed for a sewer or a sewer extension, and any portion of such assessment remained due and delinquent at the time of an application for a permit for a connection, no permit should be issued until such delinquent assessment was paid. The board refused to pay the assessment on the ground of an exemption. The engineer contended that he had no authority or power to issue the

permit until the delinquent assessment was paid, and on that ground refused the permit.

We have a statute (section 1933, Comp. Laws 1907), which provides that "all property, real and personal, held by the board of education, shall be exempt from general and special taxation, and from all local assessments for any purpose, and shall not be taken in any manner for debt." In the case of *Wey v. Salt Lake City*, 35 Utah 504, 101 Pac. 381, this statute was held constitutional. It was there decided that lands owned by the board of education were exempt from local assessment or taxation to pay the expenses of improving streets. We think it equally clear that the lands owned by the board are exempt from local assessment or special taxation for the construction of a public sewer, and that the assessment levied against it by the city was invalid. The ordinance pointed to by the engineer forbidding him to issue a permit until the alleged delinquent assessment was paid does, therefore, not aid him. Of necessity, such ordinance refers only to a valid assessment levied against lands subject to the assessment.

It, however, is urged, that though the property was exempt and the assessment invalid still, the city being the owner of the sewer, could lawfully impose the payment of a reasonable charge before it was required to permit the board to connect with or use the sewer, and that the payment of ninety-eight dollars, the amount of the assessment, by the board for the use of the sewer was a reasonable charge. The legislature has seen fit to exempt all property of the board, both real aand personal, from special taxation and all local assessments, for any purpose. Since the property was not subject to the assessment, and the levy for that reason invalid and the assessment unenforceable, to then permit the municipality to impose as a condition of tapping and making a connection with the public sewer the payment of a charge for the use of the sewer, is to allow the municipality, to do indirectly what it cannot do directly. (*State ex rel. Dunner v. Graydon*, 6 Ohio Cir. Ct. R. 634; *Meyler v. Meadville*, 23 Pa. Co. Ct. R. 119.)

We think the duty to issue the permit in the premises is plain, and that no good reason has been shown why it was refused. We are of the opinion that the relator is entitled to the writ requiring the engineer to issue the permit. Such is the order. Costs to the relator.

FRICK and McCARTY, JJ., concur.