MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*April 8—April 30, 1918.*

*Municipal corporations: Street railways: License fees: Invalid ordinance: Police power: Revenue measure: Statute construed: "Road vehicles."*

1. A city ordinance imposing an annual license fee of $15 for each car operated or run by a street railway company is not a regulation of street railways under the police power, but is a revenue measure and is without authority and void, said sum being greatly in excess of the expense of issuing the license and the reasonable cost of inspection and supervision of the business.
2. The authority of cities to tax or license street railways for revenue, given by ch. 313, Laws 1860, and sec. 1862, R. S. 1878, was taken away by ch. 363, Laws 1895, and ch. 223, Laws 1897.
3. Sub. 40, sec. 3, ch. IV, Milwaukee charter (p. 66), authorizing the city to "tax, license, and regulate road vehicles," is not applicable to street cars.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

This action was brought by the plaintiff to recover from the defendant money paid under protest, claimed by the defendant city under a license fee of $15 a car per year for 872 cars.

The only allegations of the complaint put in issue by the answer are the following:

"Plaintiff alleges on information and belief that said ordinance, at the time of the enactment thereof, was, and ever since has been and now is, illegal and unjust and without authority of law and not in the exercise of any authority conferred upon said city of *Milwaukee,* and contrary to the laws of the state of Wisconsin; and that at the time of the enactment of said ordinance said city of *Milwaukee* was and ever since has been and now is without right or authority to impose or collect such license fees, and that at the time of the enactment of said ordinance there was not and ever since there has not been and is not now in existence any require-

ment of law compelling the payment of any such license fee as aforesaid; and that the amount of license fee required by this ordinance, to wit, the sum of fifteen dollars ($15) for each car or other vehicle operated by a street railway company upon the tracks of said company, excepting vehicles or cars used in the operation of sprinkling the streets of the city, was and is unreasonable, excessive, and extortionate, and that such license fee did and does greatly exceed the expense of issuing such license and the reasonable cost of inspection and supervision of street railway companies and the cars and vehicles and operations of street railway companies."

The court below made the following findings:

"1. That the amount of license fee required by the ordinance mentioned and referred to in the complaint, to wit, the sum of fifteen dollars ($15) for each car or other vehicle operated by a street railway company upon the tracks of said company (excepting vehicles or cars used in the operation of sprinkling the streets of the city), was and is unreasonable, excessive, and extortionate, and did at the times in said complaint mentioned and does now greatly exceed the expense of issuing the license referred to in said complaint and the reasonable cost of inspection and supervision of street railway companies and of the cars and vehicles used in, and of the operation of, the plaintiff's business.

"2. That the interest on the sum mentioned in said complaint, to wit, the sum of eight thousand eight hundred five dollars ($8,805), from the date of the payment thereof, to wit, May 17, 1911, amounts to two thousand six hundred eighty-two and 59-100 dollars ($2,682.59)."

The court concluded:

"1. That at the time of the enactment of the ordinance in said complaint mentioned the city of *Milwaukee* was and ever since has been and now is without right or authority to impose or collect such license fees, and that at the time of the enactment of said ordinance there was not and ever since there has not been and is not now in existence any requirement of law compelling the payment of any such license fee as aforesaid.

"2. That said ordinance at the time of the enactment

thereof was and ever since has been and now is illegal and without authority of law and not in the exercise of any authority conferred upon said city of *Milwaukee,* and contrary to the laws of the state of Wisconsin, and is illegal and void.

"3. That the plaintiff is entitled to recover of and from the defendant the sum of eight thousand eight hundred five dollars ($8,805), with interest at the rate of six per cent. (6 %) per annum from May 17, 1911, together with the costs of this action."

Judgment was entered accordingly, from which this appeal was taken.

*Clifton Williams,* city attorney, for the appellant.

For the respondent there was a brief by *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *Edwin S. Mack.*

KERWIN, J.   On March 13, 1911, the city of *Milwaukee* passed an ordinance which was amended April 24, 1911, and which ordinance as amended is entitled "An ordinance providing for the licensing and numbering of street cars and fixing the amount of license fee per car."   This ordinance provides, among other things, that no person or company authorized by law to operate a street railway in the city of *Milwaukee* shall operate or cause to be operated or run upon any street in the city of *Milwaukee* after April 30, 1911, any street car or other vehicle without a license for each such car or other vehicle.   The ordinance also provides for the manner of applying for the license and the issuance. The license fee fixed by the ordinance is $15 for each car per year.

It is insisted by appellant (1) that the court below erred in finding that $15 per car was unreasonable, excessive, and extortionate, and greatly exceeds the expense of issuing the license referred to in the complaint or the reasonable cost of inspection and supervision of the business; (2) that the circuit judge erred in his conclusion of law to the effect that the

city is without right or authority to impose or collect such license fee; (3) that the court erred in ordering judgment for the plaintiff.

The findings of fact are well supported by the evidence and the conclusions of law necessarily follow from the facts found.

We hold that this case is ruled by *Milwaukee v. Milwaukee E. R. & L. Co.* 147 Wis. 458, 133 N. W. 593.

Under the ordinance in question the fee exacted was a revenue measure, therefore the ordinance cannot be upheld.

It seems clear that the authority of cities to tax or license street railways for revenue given by ch. 313, Laws 1860, and sec. 1862, R. S. 1878, was taken away by ch. 363, Laws 1895, and ch. 223, Laws 1897. *Milwaukee v. Milwaukee E. R. & L. Co., supra.*

But it is claimed that the ordinance can be supported under sub. 40, sec. 3, ch. IV, of the Milwaukee charter (p. 66) as a police regulation under the claim that the city has the right to "tax, license, and regulate road vehicles." While a street railway has many of the features of a "road vehicle" it has many features which are very different. This is obvious from the legislation upon the subject, from which it appears that street railroads were not intended to be classed with road vehicles as regards licensing and taxation. We hold that a street car does not fall within the designation of a "road vehicle" under said charter provision.

Whether under the police power the city still has authority to regulate street railways by ordinance we need not consider, because it is clear that the ordinance under consideration was not passed as a regulation but as a revenue measure.

Many other questions are discussed by the learned counsel for respondent, but we do not deem it necessary to consider them. We are fully convinced that under former decisions of this court as well as legislation referred to the ordinance is void. *Milwaukee v. Milwaukee E. R. & L. Co.*

147 Wis. 458, 133 N. W. 593; *Wis. Tel. Co. v. Milwaukee,* 126 Wis. 1, 104 N. W. 1009.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.