CITY OF OSHKOSH, Respondent, vs. EASTERN WISCONSIN. ELECTRIC COMPANY, Appellant.

*June 2—June 23, 1920.*

*Street railways: Annual payments required by city for use of streets: Revenue-producing measure or compensation for wear and tear: Validity of condition: Surrender of franchise: Indeterminate permit: Effect on condition.*

1. Under sec. 1863, Stats., as it existed in 1903, it was within the power of a city to refuse to grant any privilege to an interurban railway to enter upon and use its. streets; and where the city incorporated in a franchise granted to such a corporation a term requiring payment of $35,000 in thirty-five annual instalments, and such franchise was accepted by the railway company, such condition became as much a part of the ordinance as did the privilege exercised by the railway company in using the streets.

2. It not clearly appearing from the pleadings, it will not be presumed that the provision for an annual payment was a revenue-producing measure rather than compensation for the wear and tear on the bridges and streets of the city, and therefore the provision will not be treated as one beyond the power of the common council to impose. *Milwaukee v. Milwaukee E. R. & L. Co.* 147 Wis. 458, and *Milwaukee E. R. & L. Co. v. Milwaukee,* 167 Wis. 384, distinguished.

3. The procuring of an indeterminate permit on the surrender, under sec. 1797t—3, Stats., by an interurban railway of a franchise granted in 1903 by a city under sec. 1863, requiring payment of $35,000 in thirty-five annual instalments as compensation for using the streets, did not relieve the railway company of the obligation to pay such instalments. *La Crosse v. La Crosse G. & E. Co.* 145 Wis. 408, and *Wisconsin T., L., H. & P. Co. v. Menasha,* 157 Wis. 1, distinguished; *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, followed.

APPEAL from an order of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge.   *Affirmed.*

Plaintiff sues to recover the sum of $1,000 alleged to be due July 1, 1917, from the defendant as successor to the Eastern Wisconsin Railway & Light Company, pursuant to the terms of a certain ordinance granted to and the acceptance thereof by such predecessor in 1903.   Defendant answered, and plaintiff's demurrer to such answer was sustained by the trial court.

The following are the facts:

November 10, 1903, the common council of plaintiff granted to the Eastern Wisconsin Railway & Light Company a franchise to extend its interurban electric railroad from the city of Fond du Lac into the city of *Oshkosh.*

The ordinance granted the right to lay tracks and operate its cars upon certain streets in the city of *Oshkosh* and over and upon a bridge on Main street in said city.

Among the terms of said ordinance was a provision by which the said Eastern Wisconsin Railway & Light Company, its successors and assigns, was to pay the city of *Oshkosh* the sum of $35,000 in annual payments of $1,000 on or before the 1st day of July of each of the following thirty-five years.

January 19, 1904, the said Railway & Light Company by its officers accepted said franchise by a writing which contained, among other things, the following:

"And the said Eastern Wisconsin Railway & Light Company does further specifically agree and bind itself, its successors and assigns, to the payment of the full sum of $35,000 as provided in said ordinance, that is to say, does hereby agree to pay said sum in equal annual instalments of $1,000, each instalment to be paid on or before the 1st day of July in each year during the term of said franchise."

Such annual payments were made up to and including July 1, 1916.

It is alleged in the complaint that the consideration for

the annual payment of $1,000 so provided for was agreed to be for the use of said streets and to partially compensate the plaintiff for the wear and tear on said Main-street bridge resulting from the operation of said interurban cars over said bridge.   No reference is made in the amended answer of defendant to the foregoing allegation other than as may be embraced in the general denial.

March 1, 1917, the defendant *Eastern Wisconsin Electric Company* succeeded to the rights of the Eastern Wisconsin Railway & Light Company under the franchise aforesaid, and by purchase became the owner of the property then owned by said Eastern Wisconsin Railway & Light Company, including the interurban railway, and has operated and intends to continue operating the same in the future.

On March 8, 1917, the defendant surrendered such franchise so acquired by it together with others, and received by operation of law, in lieu of said franchises, an indeterminate permit under sec. 1797*t*—3, Stats.

Defendant alleges that it is now conducting and operating its street and interurban railway business in the city of *Oshkosh* by virtue of said indeterminate permit only and not by virtue of the foregoing or any franchise, license, or permit granted by any ordinance of the city of *Oshkosh.*

To the amended answer the plaintiff demurred, and defendant has appealed from the order sustaining such demurrer.

For the appellant there was a brief by *Bouck, Hilton, Kluwin & Dempsey* of Oshkosh, attorneys, and *Charles McPherson* of Grand Rapids, Michigan, of counsel, and oral argument by *E. J. Dempsey.*

*Frederic J. Eaton* of Oshkosh, for the respondent.

ESCHWEILER, J.   The defendant insists, first, that the plaintiff then had no lawful authority to impose as a condition for the privilege granted by the franchise of Novem-

ber, 1903, the requirement of the promise by the street railway company to pay the $35,000 as in said ordinance contained and that the stipulation therefor was consequently null and void; and secondly, that by its surrender of the franchise here in question, together with all other franchises that it then held in March, 1917, and the procuring thereby by operation of law an indeterminate permit, by virtue of sec. 1797t—3, Stats., such condition in the franchise, even if originally valid and binding, became null and void.

At the time of the granting and accepting of the franchise in question the final clause of sec. 1863, which is a statute relating to the extension of the lines of interurban railways into adjoining municipalities, read as follows:

"In any city or village the consent of the common council or board of trustees shall be given by ordinance, and upon such terms and subject to such rules and regulations and the payment of such license fees as the common council or board may from time to time prescribe; provided, that the common council or board shall not alter or change the license fee prescribed for such corporation, oftener than once in each five years."

It was within the power of the common council to absolutely withhold from granting any privilege to such interurban railway to enter upon and use the streets of said city. Or in case plaintiff elected to grant such permission, it might incorporate with the terms of such permission or franchise certain terms, rules, and regulations. Having incorporated such, it then became optional with the interurban railway to accept or reject such ordinance as it was then adopted and presented. The city in this instance did incorporate in such franchise a term requiring the payment of $35,000 in thirty-five annual instalments, and it was within the power delegated to it by the section above quoted so to do. Having been expressly accepted by the street railway, such condition became as much a part of the ordinance as did the privilege exercised thereunder by the railway company in using the streets of said city. This conclusion is clearly within the

former decisions of this court. *Manitowoc v. Manitowoc & N. T. Co.* 145 Wis. 13, 26, 129 N. W. 925; *State ex rel. West Allis v. Milwaukee L., H. & T. Co.* 166 Wis. 178, 164 N. W. 837; *Superior v. Duluth St. R. Co.* 166 Wis. 487, 165 N. W. 1081.

Upon the pleadings as they stand we cannot now say as a matter of law that it clearly appears or is to be presumed that the provision of the franchise of November, 1903, and specifically included in the written acceptance of January, 1904, for the annual payment of $1,000, was a term or condition inserted as a revenue-producing measure rather than as a provision for actual compensation for the wear and tear on the streets and bridges of the city by such use. Such· being the position, this provision cannot be treated as one beyond the power of the common council to lawfully require as a condition of the franchise becoming operative on the ground asserted by appellant, that the authority to tax or license such railways for revenue had been taken away by prior legislation, as was held to be the case with reference to the license fees involved in the cases of *Milwaukee v. Milwaukee E. R. & L. Co.* 147 Wis. 458, 133 N. W. 593, and *Milwaukee E. R. & L. Co. v. Milwaukee,* 167 Wis. 384, 167 N. W. 428.

Upon its second proposition defendant strongly urges that, having duly surrendered all the rights and privileges it acquired as successor to the original grantee of the franchise of 1903 and having received by such surrender the indeterminate permit authorized by the statute, it thereby became absolved from any and all obligations that may have theretofore existed on its part or that of its predecessor to the city of *Oshkosh* under the said franchise.

The surrender of its franchise in this case was made by the defendant under sec. 1797*t*—3, Stats., the final·clause whereof is as follows:

"The filing of such declaration shall be deemed a waiver by such street railway company of the right to insist upon

the fulfilment of any contract theretofore entered into relating to any rate, fare, charge or service regulated by sections 1797—1 to 1797—38 of the statutes, as amended."

It insists that this surrender clause just above quoted under which it acted in the instant case is substantially the same as the surrender clause in sec. 1797m—77, being the one under which the public utility furnishing gas and electricity to the city of La Crosse surrendered its charter, and that therefore the situation here is ruled in favor of the defendant's contention by the decision involving the surrender in the La Crosse case (*La Crosse v. La Crosse G. & E. Co.* 145 Wis. 408, 130 N. W. 530). That case, however, dealt with what was held to be a public-revenue feature of the former franchise so surrendered by the La Crosse company and not a franchise provision such as we have already determined in this case is here present. The attempted analogy, therefore, between the *La Crosse Case* and this must fail in that regard. Furthermore, the substantial difference between the franchise held by the public utility such as the gas company in that case involved obtained under sec. 1780b as it stood at the time of the franchise to such public utility, and a franchise granted under the section here involved (sec. 1863), is expressly and carefully pointed out in the *La Crosse Case* and also by its express reference to the case of *Manitowoc v. Manitowoc & N. T. Co.,* found also in 145 Wis. 13, 129 N. W. 925.

We shall not restate here what appears in those two cases on this same subject. This case is controlled by the *Manitowoc Case, supra,* and not by the *La Crosse Case.*

The same want of analogy in the instant case with the *La Crosse Case* is equally apparent from a consideration of the decision of this court in *Wisconsin T., L., H. & P. Co. v. Menasha,* 157 Wis. 1, 145 N. W. 231, also relied upon by appellant. What has just been said with reference to the *La Crosse Case* applies equally as well to the *Menasha Case.*

It follows that the circuit court was right in sustaining the plaintiff's demurrer to defendant's amended answer.

*By the Court.*—Order affirmed, and action remanded for further proceedings according to law.